S97Y2096. IN THE MATTER OF CLARENCE L. MARTIN.
(492 SE2d 237)

PER CURIAM.

In this disciplinary matter, Respondent Clarence L. Martin filed a petition for voluntary surrender of license admitting to a violation of Standard 65 (A) of Bar Rule 4-102 (commingling client funds with those of the lawyer), after a finding of probable cause by the Investigative Panel of the State Disciplinary Board and the filing of a formal complaint against him. The State Bar has no objection to Martin's petition, and the special master and the review panel recommend the court accept it, along with the two conditions he proposes for reinstatement, as set forth below. We have reviewed the record and, based on his admissions, we accept Martin's petition.

Martin represented a patient of one of the medical treatment facilities known as Arrowhead Clinic, Inc., operated by Harry W. Brown. Allstate Insurance Company covered the client's treatment, and sent to Martin a check for $2,518 in payment, made out to "Harry W. Brown, P.C." Instead of forwarding the check to Brown, Martin signed, or caused the signing of, Brown's endorsement on the check and deposited it, or caused it to be deposited, into his trust account. Brown did not discover that Martin signed his name to the check until almost three months later when he made inquiries of Allstate regarding the payment due Arrowhead. Brown never gave Martin permission to sign his name to the check, and Martin did not otherwise have authority to sign the check on Brown's behalf. Martin did not advise Allstate that he failed to forward the check or proceeds from it to Brown, and Martin did not advise Brown that he had received and negotiated the check, nor did he provide an accounting of the funds to Brown. After Brown learned that Martin had negotiated the check, Brown or his agents contacted Martin, who subse-

quently issued a check from his trust account to Brown Arrowhead Clinic for the full amount.

Martin admits to the undisputed facts and admits that his conduct violated Standard 65 (A). We agree, and accept Martin's petition for voluntary surrender of his license to practice law in this state, which is tantamount to disbarment. He may not be considered for reinstatement until he meets the reinstatement provisions of Chapter 3 of Part IV of the Bar Rules and the following two conditions set forth in his petition: (1) he must certify that he has accounted for and made full restitution, with interest, on any claim filed with the State Bar against him that alleges any impropriety in his handling of any funds or property of any client or fiduciary; and (2) he must reimburse the Client Security Fund of the State Bar (or any successor entity) for any award made by the fund on any claim filed against Martin.

Martin is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*Petition for voluntary surrender of license accepted. All the Justices concur.*

DECIDED NOVEMBER 3, 1997.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Lorenzo C. Merritt,* for Martin.